# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JACKIE OSBORNE,**

       **Plaintiff,**

**v.**                                            **Case No: 6:13-cv-35-Orl-18GJK**

**ORANGE LAKE COUNTRY CLUB FLORIDA, LLC and OLCC FLORIDA, LLC,**

       **Defendants.**

## REPORT AND RECOMMENDATION

On January 7, 2013, Plaintiff, Jackie Osborne, proceeding pro se, filed a seven-count Complaint against Orange Lake Country Club Florida, LLC (hereafter "Orange Lake"). Doc. No. 1. Plaintiff alleged diversity jurisdiction based on being a California resident and Orange Lake being a "corporation organized and existing under the laws of Florida," with its principal place of business in Kissimmee, Florida. Doc. No. 1 at 2. Plaintiff sought $148,432.85 in damages. Doc. No. 1 at 2. The gravamen of the Complaint is that Plaintiff executed a contract with Orange Lake to purchase a timeshare in Osceola County, Florida, providing a $4,560.00 deposit. Doc. No. 1 at 2. Plaintiff alleged that she cancelled the contract, verbally and in writing, the same day she signed it and demanded Orange Lake return her deposit. Doc. No. 1 at 3. Plaintiff alleged that Orange Lake refused to refund her deposit. Doc. No. 1 at 3.[1] Along with the Complaint, Plaintiff filed a motion to proceed *in forma pauperis*. Doc. No. 2.

On January 14, 2013, the Court denied the motion to proceed *in forma pauperis* for two

---

[1] Plaintiff alleges that she obtained a judgment in California state court, but the judgment was overturned due to lack of jurisdiction over Defendant. Doc. Nos. 1 at 3-4; 1-2 at 6.

reasons. Doc. No. 7. First, Plaintiff failed to provide any facts to support the allegation that she sustained $148,432.85 in damages. Doc. No. 7 at 6. Second, Plaintiff failed to allege the citizenship of Orange Lake's members. Doc. No. 7 at 6. The Court explained this was required because Orange Lake "is a limited liability company and a 'limited liability company is a citizen of any state of which a member of the company is a citizen." Doc. No. 7 at 6. In light of these defects, the Court permitted Plaintiff to file an amended complaint and renew her motion to proceed *in forma pauperis*. Doc. No. 7 at 6.

On March 6, 2013, Plaintiff filed her Amended Complaint and renewed her motion to proceed *in forma pauperis*. Doc. Nos. 10-11. The Amended Complaint named Orange Lake and OLCC Florida, LLC as Defendants (hereafter "Defendants"). Doc. No. 10 at 1. In the Amended Complaint, Plaintiff alleged that she is a resident of California and "Defendant is [sic] a business location in Kissimmee, Florida." Doc. No. 10 at 1 ¶¶ 1-2. Plaintiff alleged the Court has jurisdiction based on diversity of citizenship and 15 U.S.C. § 1681p. Doc. No. 10 at 1 ¶ 4. Plaintiff once again alleged that she entered into a timeshare purchase contract, tendered a down payment of $4,560.00, cancelled the contract the same day and demanded a return of the deposit, pursuant to the contract's terms, but Defendants have refused to return her down payment. Doc. No. 10 at 2 ¶¶ 7-9. Plaintiff summarily alleged that her damages meet or exceed $75,000.00. Doc. No. 10 at 2 ¶ 6.

Plaintiff alleged a single cause of action for breach of contract. Doc. No. 10 at 2-3 ¶¶ 10-15. In the damages section of her Amended Complaint, Plaintiff sought her $4,560.00 down payment, damages for the loss of use of her money, prejudgment interest, costs and attorney's fees. Doc. No. 10 at 3 ¶¶ 16-18. Plaintiff also requested enhanced damages, treble damages and punitive damages due to Defendants' unfair and deceptive practices, persistent and willful

refusal to refund her down payment, breach of their fiduciary duty imposed by Florida real estate law, intentional infliction of emotional distress, and falsely reporting to the credit bureaus that she defaulted on a real estate loan.  Doc. No. 10 at 3-4 ¶ 19.

On March 15, 2013, the Court denied Plaintiff's motion to proceed *in forma pauperis* because Plaintiff failed to set forth specific facts supporting her allegation that her damages exceed $75,000 and failed to allege the states of citizenship for herself or Defendants' members.  Doc. No. 12 at 7.  Plaintiff was directed to file a second amended complaint, on or before April 5, 2013, and renew her motion to proceed *in forma pauperis*.  Doc. No. 12 at 7.  Plaintiff was warned that failure to do so would result in a recommendation that the case be dismissed without further warning.  Doc. No. 12 at 7.

As of this date, Plaintiff has not filed a second amended complaint and renewed her motion to proceed *in forma pauperis*.  Accordingly, the undersigned recommends this case be dismissed without prejudice and the Clerk be directed to close the case.

**Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.  The Clerk is directed to send a copy of this report and recommendation to Plaintiff by certified mail**.

**RECOMMENDED** in Orlando, Florida on April 8, 2013.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy